DECISION
Plaintiff appealed Defendant's June 2, 2009, Conference Decision Letter which disallowed his alimony deductions for tax years 2005, 2006, and 2007. Plaintiff appeared in this court on his own behalf. Defendant was represented by Tami Powers.
 I. STATEMENT OF FACTS
Plaintiff resides in Oregon, and resided in Oregon for the years at issue. Plaintiff was previously married to a Christine Wilson (Christine). The two were divorced July 24, 2002, by decree issued in the Fourth Judicial District Court of the State of Idaho. (Def's Answer at Al.) Pursuant to the Stipulated Decree of Divorce (Decree), Christine, the defendant in the Idaho divorce, was "awarded 46% of the Plaintiffs disposable military retired pay each month * * *." (Id at A3.) Under the Decree, Plaintiffs former spouse Christine received $15,154 in 2005, $16,626 in 2006, and $18,295 in 2007. (Ptf's Compl at 4.) That money was paid directly to Christine each year by Plaintiff's former military employer. (Def's Ans at B1.)
On his federal returns, Plaintiff subtracted those amounts from his "total income" as alimony in 2005, 2006, and 2007. (Ptf's Ex 1 at 1.) The alimony subtractions do not appear directly on Plaintiffs Oregon returns, but are carried over from the corresponding federal returns, as explained in the paragraph below. (See Ptf's Ex 3.) *Page 2 
In presenting their arguments, the parties focused on Plaintiff's 2005 federal and Oregon returns as representative of all three years at issue. Plaintiffs total military retirement pay in 2005 was $32,943 ($17,789 plus $15,154 "alimony paid"). (Ptf's Ex 2 at 1-2.) Of that amount, Plaintiffs former military employer paid $17,789 directly to Plaintiff and $15,154 directly to Christine, Plaintiffs former spouse.
In arriving at his "total income" on his federal return, Plaintiff included only the $17,789 military retirement pay he received (Ptf's Ex 1 at 1 (Fed. 1040, line 16 b, "[t]axable amount" of "[pensions and annuities").) With other additions, Plaintiffs total reported income in 2005 was $67,692. (Id (Fed. 1040, line 22).) Plaintiff then subtracted $15,154 for alimony. (Id (line 31 a).) Plaintiff made another $1,000 subtraction for an IRA deduction (line 32) to arrive at a federal adjusted gross income (AGI) of $51,538. (Id. (line 37).) On his Oregon return for 2005, Plaintiff reported a federal AGI of $51,538 (Ptf's Ex 3 at 2 (Form 40, line 8).)
 II. ANALYSIS
Plaintiff argues that his military retirement pay to his ex-wife meets the requirements of Internal Revenue Code (IRC) section 71, alleging that his reported income for the years at issue includes the alimony payments to his former spouse. (Ptf's Compl at 2.) IRC section 71 includes the receipt of alimony payments in the gross income calculation. Plaintiff further argues that he did not deduct the alimony on his Oregon tax returns. Additionally, Plaintiff notes that the Internal Revenue Service reviewed his federal returns and concluded that the alimony payments met the requirements of IRC section 71, and that he would not have taken the deduction if his lawyer had not advised him a deduction was allowed. (See Ptf's Ex 1.)
Defendant disagrees, arguing that Plaintiffs "income" as reported on his federal returns does not include the alimony, but that Plaintiff nonetheless took a deduction for the alimony *Page 3 
payments on his federal returns. As a result, Defendant asserts Plaintiff received a windfall at the federal level because he deducted an item of income that was never included in his income, and that Oregon need not, and has not, allowed the alimony deduction. Defendant adjusted Plaintiff's returns for the three years at issue, disallowing the alimony deductions and asks the court to uphold those deficiencies. (Def's Ans at 2.)
The other applicable provision of the IRC is section 215(a), which provides in part that "there shall be allowed as a deduction an amount equal to the alimony or separate maintenance paymentspaid during such individual's taxable year." (Emphasis added.) The problem with Plaintiff's position is that he never paid the alimony to his former spouse. Rather, his former military employer made the payments directly to the former spouse and Plaintiff only reported the pension amount he actually received each year. As Defendant notes, a taxpayer cannot deduct an otherwise qualifying expense if the taxpayer never receives the income or makes the payment from the taxpayer's income.
It appears that Plaintiff's former military employer made the alimony payments on Plaintiff's behalf directly to his former spouse under the Uniformed Services Former Spouses' Protection Act (USFSPA). 10 USC § 1408(d)(1) (2006).[1] The USFSPA provides in part:
 "[a]fter effective service on the Secretary concerned of a court order providing for the payment of * * * alimony or, with respect to a division of property, specifically providing for the payment of an amount of the disposable retired pay from a member to * * * a former spouse of the member, the Secretary shall make payments * * * from the disposable retired pay of the member to the * * * former spouse * * * in an amount sufficient to satisfy the amount of * * * alimony set forth in the court order and, with respect to a division of property, in the amount of disposable retired pay specifically provided for in the court order. * * *." *Page 4 
Id. (Emphasis added). The parties do not dispute that Plaintiff was required to pay alimony to his former spouse Christine under the Decree.
Plaintiff cites Proctor v. Comm `r, 129 TC 92 (Oct 10, 2007) in support of his claim that the deduction for alimony payments to his former spouse should be allowed. Proctor is factually distinguishable because the taxpayer in that case actually made the payments to his former spouse pursuant to a court order (and using income he actually received), whereas in the instant case, Plaintiff never actually made the payments, as explained above. Moreover, Plaintiff never reported as income the amounts he seeks to deduct as alimony payments on the federal return. Those amounts were carried over to the Oregon return by virtue of Oregon's reliance on federal adjusted gross income, which is the starting point for additions and subtractions allowed under Oregon law to arrive at taxpayer's Oregon taxable income. ORS 316.013.[2] Therefore, the amounts Plaintiff deducted on his federal return as alimony payments carried over to his Oregon tax return.
 III. CONCLUSION
The court concludes that Plaintiffs appeal should be denied, and that the adjustments made by Defendant denying the alimony payments claimed by Plaintiff for 2005, 2006, and 2007, should be upheld. Because the payments were not made by Plaintiff from
Plaintiffs reported income, but were nonetheless subtracted by Plaintiff from his income on his federal returns for the years at issue (and necessarily carried over to the Oregon return), Plaintiff would receive a deduction from income for payments he never actually made out of his income but for Defendant's adjustments. Now, therefore, *Page 5 
IT IS THE DECISION OF THIS COURT that Plaintiffs appeal for tax years 2005, 2006, and 2007 is denied.
Dated this ___ day of February 2011.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged.
 This document was signed by Magistrate Dan Robinsonon February 7, 2011. The Court filed and entered this documenton February 7, 2011.
[1] This reference is to the 2006 edition of the United States Code (USC) because no there is no material difference between that edition and the 2000 edition.
[2] This reference is to the 2005 edition of the Oregon Revised Statutes (ORS) because there is no material difference between that edition and the 2003 edition. *Page 1